(30 Misc. Rep. 519.)

PEOPLE ex rel. SILVEY v. MUNICIPAL CIVIL SERVICE COMMISSION.
'OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.    February, 1900.)

MANDAMUS—MUNICIPAL CIVIL SERVICE COMMISSION—CERTIFYING PAY ROLLS—
    MUNICIPAL EMPLOYES—EMPLOYED OTHERWISE THAN AS CLASSIFIED.
        Municipal civil service rule 32 requires the appointing officer of any
    department whose employés were paid direct from the treasury of the
    city to furnish the municipal civil service commission with pay rolls
    showing the service performed by each person, and to certify that the
    persons named therein were employed solely in the performance of the

duties indicated. Relator, not a member of the uniformed force of the fire or police departments, applied for a writ of mandamus against the municipal civil service commission, to compel it to refuse certification of certain pay rolls, as to the payment of money to persons as firemen and policemen, when as a fact they were acting as pilots on municipal steamers. *Held* that, if the appointing officer of the fire and police departments had complied with rule 32, respondent had no power to interfere, and, if he had not, a proceeding to remedy the wrong should be directed against him, and not against the municipal civil service commission.

Application by the people, on the relation of Cornelius S. Silvey, for a peremptory writ of mandamus against the municipal civil service commission of the city of New York. Denied.

George W. Dean, for relator.

John Whalen, Corp. Counsel (Charles W. Ridgway, of counsel), for respondent.

FITZGERALD, J. This is an application for a peremptory writ of mandamus commanding the respondent "to refuse certification of certain pay rolls required by section 19 of the civil service law, as to payment of any moneys to James A. Gallagher and John McCarthy, No. 3, as first-grade firemen of engine company No. 57 of the fire department of the city of New York, as said persons are performing the duties of, and acting as, pilots on the municipal steamer New Yorker, instead of the duties which they are classified and certified to on said pay rolls," and for a similar direction as to "payment of any moneys to Anderson M. Stebbins and Taylor as policemen in the Forty-Second precinct of the police department of the city of New York, as the said persons are performing the duties as pilots on the municipal steamer Patrol, instead of the duties which they are classified and certified to on said pay rolls, and that the names of said four persons be removed from the official roster, as required by rule 32 of the municipal civil service rules." It is conceded that the relator is not a member of the uniformed force of either the fire or police departments of the city of New York. The president of the fire department and the chief of police, by their affidavits, submitted on behalf of the respondent, claim, respectively, to have each made the selections and assignments to duty of the persons complained of, by authority of law; the former (the president of the fire department) relying on section 728 of the charter of the Greater New York, and the latter (the chief of police) on section 292 of the same statute. The relator contends that these provisions were changed by section 29 of chapter 370, Laws 1899 (White Act), which repeals "all other acts or parts of acts, whether general, special or local, and all rules, regulations and classifications for appointment or promotion in the civil service of the state or any civil division thereof inconsistent with the provisions of said act." Neither section 728 nor section 292 of the charter can be deemed an act or rule or regulation or classification for appointment or promotion in the civil service of the state or any civil division thereof, but they relate, rather, to the administration of the fire and police departments, and cannot be considered repealed by section 29, c. 370, Laws 1899. By

rule 32 of the municipal civil service rules, the duty is devolved upon "the appointing officers of any department, office, bureau or institution whose employés are paid direct from the treasury of the city," to furnish "the municipal commission with pay-rolls showing the names of the persons to be paid, residence, title of position held or kind of service performed by each person, the rate and amount of compensation to which he is entitled and the period for which he is paid, and to certify that the persons named therein are employed solely in the performance of the appropriate duties of the positions and employments indicated, and have not been assigned to perform duties appertaining to any other title." If, pursuant to this section, the appointing officers of the fire and police departments have respectively had properly furnished to respondent the names of the persons above mentioned, respondent is without power to interfere. If the before-mentioned appointing officers have disobeyed the provisions of rule 32, then the proceeding to remedy the wrong should be directed against them, and not against the municipal civil service commission.

While a peremptory writ of mandamus is asked for, the relief demanded is, rather, in its nature, injunctive; but, as there was no objection interposed by the respondent to the form of the application, I deemed it better to consider the merits.

Motion denied.